

FILED & ENTERED

JUL 25 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA—LOS ANGELES DIVISION

| | |
|---|---|
| In re:    Metallic Blue Development LLC, Debtor. | Case No.:    2:22-bk-16483-ER<br>Chapter:    7<br><br>**MEMORANDUM OF DECISION GRANTING APPLICATION FOR RULE 2004 EXAMINATION OF THE DEBTOR**<br><br>**[RELATES TO DOC. NO. 115]**<br><br>[No hearing required pursuant to Federal Rule of Civil Procedure 78(b) and Local Bankruptcy Rules 9013-1(j)(3) and 9013-1(p)(3)] |

    Before the Court is the application of the Chapter 7 Trustee (the "Trustee") and sixty investors and creditors of the Debtor (the "Investors/Creditors," and together with the Trustee, the "Movants") for issuance of an order compelling the Debtor to submit to a Rule 2004 examination (the "Application").[1] The Application is opposed by the Debtor.[2] Pursuant to Civil Rule 78(b), LBR 9013-1(j)(3), and LBR 9013-1(p)(3),[3] the Court finds this matter to be suitable for disposition without oral argument. For the reasons set forth below, the Debtor's opposition to the Application is **OVERRULED**, the Application is **GRANTED**, and the hearing on the Application, set for August 2, 2023 at 10:00 a.m., is **VACATED**.

---

[1] *See* Doc. No. 115 (Application) and Doc. No. 116 (Trustee's joinder to the Application).
[2] The Debtor filed an opposition to the Application on June 26, 2023, *see* Doc. No. 119. The Investors/Creditors filed a reply in support of the Application on July 17, 2023, *see* Doc. No. 127.
[3] Unless otherwise indicated, all "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1–86; all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037; all "Evidence Rule" references are to the Federal Rules of Evidence, Rules 101–1103; all "LBR" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California, Rules 1001-1–9075-1; and all statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

## I. Background

On November 28, 2022, various petitioning creditors filed an involuntary Chapter 7 petition against Metallic Blue Development LLC (the "Debtor").[4] The Court entered an Order for Relief on February 1, 2023.[5] The Court denied the Debtor's motion to vacate the Order for Relief on March 17, 2023.[6] On July 17, 2023, the Debtor's appeal of the order declining to vacate the Order for Relief was dismissed without prejudice for failure to prosecute.[7]

On April 18, 2023, the Debtor received from the state of Washington a subpoena seeking business records pursuant to an investigation commenced by the Securities Division of the Washington State Department of Financial Institutions.

The Debtor takes the position that its sole member, William Ho ("Ho") and its sole manager, Brian Dozier ("Dozier") both resigned, effective as of May 10, 2023.[8] Movants seek to conduct the requested Rule 2004 examination of the Debtor by issuing subpoenas compelling the testimony of Ho and Dozier. Movants sent several "meet and confer" e-mails to the Debtor's counsel in an attempt to obtain a stipulated order authorizing the requested Rule 2004 examination. In declining to stipulate to an examination, the Debtor's counsel asserted that Movants were required to meet and confer with Ho and Dozier in their individual capacity. This was the case, the Debtor argued, because the purported resignation of Ho and Dozier meant that the "debtor has no control over them" and "is not in any position to consent to their appearance at a Rule 2004 examination."[9] Movants disagreed with the Debtor's position, asserting that the Debtor's counsel remained the proper channel for purposes of LBR 2004-1's "meet and confer" requirement.[10]

## II. Findings of Fact and Conclusions of Law
### A. The Applicant is Granted

Bankruptcy Rule 2004(a) authorizes the Court to "order the examination of any entity." Bankruptcy Rule 2004 "is the basic discovery device in bankruptcy cases. It allows broad examination relating to 'the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge.'" *Rigby v. Mastro (In re Mastro)*, 585 B.R. 587, 596–97 (B.A.P. 9th Cir. 2018) (quoting Bankruptcy Rule 2004).

LBR 2004-1 implements Bankruptcy Rule 2004 and provides:

> Prior to filing a motion for examination or for production of documents under FRBP 2004, the moving party must attempt to confer (in person or telephonically) with the entity to be examined, or its counsel, to arrange for a mutually agreeable date, time, place, and scope of an examination or production.

---

[4] More detailed background information is set forth in Doc. No. 55.
[5] Doc. No. 19.
[6] Doc. Nos. 55 and 62.
[7] Doc. No. 16, Case No. 2:23-cv-02402-GW.
[8] As discussed in greater detail in Section II, the Court makes no findings as to whether the purported resignations of Ho and Dozier were effective as a matter of law.
[9] Doc. No. 119 at p. 12 (e-mail from the Debtor's counsel to Investors/Creditors' counsel).
[10] Doc. No. 119 at p. 15 (e-mail from Investors/Creditors' counsel to Debtor's counsel).

The Debtor asserts that Movants did not comply with LBR 2004-1's "meet and confer" requirement because Movants met and conferred with the Debtor's counsel, as opposed to meeting and conferring with Ho and Dozier in their individual capacity. The Debtor's contention that Movants were required to meet and confer with Ho and Dozier individually is without merit. Movants met and conferred with the Debtor's counsel of record in an attempt to obtain a stipulated order authorizing a Rule 2004 examination.

In determining that Movants complied with LBR 2004-1's "meet and confer" requirement, the Court makes no determination regarding whether the purported resignations of Ho and Dozier were effective as a matter of law. It is not necessary for the Court to decide this issue because regardless of whether the resignations were effective, the Debtor's counsel remained the appropriate channel for purposes of the "meet and confer" requirement. The Debtor is the entity that is subject to the Rule 2004 examination. Of course, because the Debtor is a corporation, it can be examined only through the appearance of individuals possessing knowledge of its operations. *See, e.g.*, *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348, 105 S. Ct. 1986, 1991, 85 L. Ed. 2d 372 (1985) ("As an inanimate entity, a corporation must act through agents. A corporation cannot speak directly to its lawyers."). This does not change the reality that it is the Debtor, not the individuals through whom the Debtor acts, that is the subject of the examination, and that therefore the Debtor's counsel is the appropriate channel for communications pertaining to "meet and confer" efforts related to the examination.

The Debtor next asserts that the Application must be denied because Movants did not file a stipulation under LBR 7026-1(c)(3) that described the dispute regarding the "meet and confer" requirement. This argument is also without merit because LBR 7026-1(c)(3) does not apply to the dispute raised by the Debtor. LBR 7026-1(c) is triggered when a party takes the position that a specific discovery request is objectionable. For example, a typical objection triggering the obligation to file the written stipulation mandated by LBR 7026-1(c) would be an assertion that the information requested through discovery was protected by the work-product privilege or the attorney-client privilege. By contrast, the Debtor here asserts only that Movants' "meet and confer" efforts were inadequate. Significantly, the Debtor does *not* object to any of the specific categories of discovery set forth in the proposed subpoenas appended to the Application. Under these circumstances, Movants were not required to file a LBR 7026-1(c) stipulation. In fact, the Court has difficulty even envisioning what information an LBR 7026-1(c) stipulation would contain. In sum, LBR 7026-1(c) simply has no application to the instant dispute.

### B. The Court Declines to Order the Debtor to Produce Attorney-Client Communications that Occurred During the Involuntary Petition "Gap Period"

The proposed subpoenas that Movants seek authorization to serve upon Ho and Dozier require the production of the following documents:

> All correspondence including e-mails between the debtor, Metallic Blue Development LLC, and/or its principals with each and every of its attorneys including Weingold Law PLLCC, Bidermann Hoenig Semprevivo, APC, Spiegel & Uterra PC, Richard A. Marcus, and Louis J. Esbin.

Doc. No. 115, Ex. 1 at ¶ 11.

It is well established that the Trustee controls the attorney-client privilege of a corporation that has sought bankruptcy protection, and can waive that privilege with respect to pre-

bankruptcy communications. *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 358, 105 S. Ct. 1986, 1996, 85 L. Ed. 2d 372 (1985). Therefore, to the extent that the Trustee elects to waive the privilege, the Debtor (through Ho and Dozier) must produce relevant communications exchanged prior to November 28, 2022 (the "Petition Date").

The parties dispute whether the Trustee has the authority to waive the privilege with respect to communications that occurred between the Petition Date and the date of entry of the Order for Relief—a period known in bankruptcy parlance as the "gap period." Movants have not cited any authority showing that the Trustee has the ability to waive the privilege during the gap period. In addition, it is not clear from the Application whether Movants are seeking at this time to compel the production of gap-period attorney-client communications, or are instead merely reserving their right to seek to compel the production of such communications in the future.

The question of whether the Trustee can waive the Debtor's attorney-client privilege during the gap period has not been sufficiently briefed. Therefore, the Court will not at this time order the Debtor to produce gap-period attorney-client communications. Movants are directed to clarify the proposed subpoenas so that it is clear that only those communications exchanged prior to the Petition Date must be produced. This directive is without prejudice to Movants' ability to seek to compel the production of gap-period attorney-client communications by way of a regularly-noticed motion.

### III. Conclusion

Based upon the foregoing, the Debtor's opposition to the Application is **OVERRULED**, the Application is **GRANTED**, and the hearing on the Application, set for August 2, 2023 at 10:00 a.m., is **VACATED**. The Court will prepare and enter an order consistent with this Memorandum of Decision.

###

Date: July 25, 2023

Ernest M. Robles
United States Bankruptcy Judge